UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CG MEDICAL ASSOCIATES, INC. d/b/a<br>CAREFIRST URGENT CARE,<br><br>        Plaintiff,<br><br>v.<br><br>RETS TECH CENTER, INC.;<br>EFC TRADE, INC.; AND<br>EDUCATION AFFILIATES, INC.,<br><br>        Defendants. | Case No. _____<br>Judge _____<br><br>Removed from:<br>Common Pleas Court,<br>Hamilton County, Ohio<br>CASE NO. A-2201478 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, RETS Tech Center, Inc. ("RETS"); EFC Trade, Inc. ("EFC"); and Education Affiliates, Inc. ("Education Affiliates") (collectively referred to herein as "Defendants") file this Notice of Removal, removing Case No. A-2201478 from the Court of Common Pleas for Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio. This action is removable pursuant to 28 U.S.C. § 1332 as this Court has diversity jurisdiction due to the improper joinder of the sole non-diverse defendant, RETS. In support of removal, Defendants state the following:

### I. PROCEDURAL BACKGROUND

1. On or around April 26, 2022, Plaintiff filed its Complaint ("Compl.") against Defendants in the Court of Common Pleas for Hamilton County, Ohio in the civil action styled *CG MEDICAL ASSOCIATES INC DBA CAREFIRST URGENT CARE vs. RETS TECH CENTER INC DBA FORTIS COLLEGE, et.al.*, Case No. A-2201478. True and correct copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**.

06427687.1

1

2. The two-count Complaint states claims for: (1) breach of contract; and (2) unjust enrichment. (*See generally* Compl.).

3. Defendants were served with Summons and Complaint on May 4, 2022. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. In filing this Notice, Defendants do not waive and specifically reserve any and all defenses, exceptions, rights, and motions, including defenses concerning venue and jurisdiction. No statement or omission in this Notice shall be deemed an admission of any allegations or damages sought in the Complaint.

## II. DIVERSITY JURISDICTION IN THIS CASE

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part that "[t]he courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States . . ." *See* 28 U.S.C. § 1332(a).

### A. Other Than Defendant RETS, There is Complete Diversity of Citizenship.

6. Under 28 U.S.C. §§ 1332 and 1441, a diversity action is removable if there is complete diversity between the parties and no defendant is a citizen of the State in which such action is brought.

7. Plaintiff CG Medical Associates, Inc. ("CareFirst" or "Plaintiff") is an Ohio corporation with an address of 7300 Beechmont Avenue, Cincinnati, OH 45230. (*See* Compl., ¶ 1).

8. Defendant EFC is a Delaware corporation with an address of 251 Little Falls Drive, Wilmington, DE 19808.

06427687.1

2

9. Defendant Education Affiliates is a Delaware corporation with an address of 251 Little Falls Drive, Wilmington, DE 19808.

10. Defendant RETS is an Ohio corporation with an address of 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221.

**B. RETS Was Improperly Joined for the Sole Purpose of Defeating Diversity.**

11. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this lawsuit because RETS is improperly joined.

12. While Defendant RETS is an Ohio corporation, it was improperly joined so its citizenship is irrelevant for purposes of determining diversity under 8 U.S.C. § 1441(b) (stating only parties "properly joined" count in assessing propriety of removal based on diversity).

13. To establish improper joinder, the removing party must "present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

14. When considering whether the in-state defendant has been improperly joined, courts should pierce the pleadings and consider summary judgment type evidence such as depositions and affidavits. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012). It is important to note that under this standard, a plaintiff cannot rest on the mere allegations or denials of their pleadings, as the determination is based on whether there is a basis for the claim in law. *See Coyne* at 493.

15. Subsequently, Defendants' removal is predicated upon a showing that Plaintiff is unable to establish a cause of action under Ohio law against RETS. When analyzing fraudulent joinder questions, the court determines whether the plaintiffs have any reasonable possibility of recovery. *Id.*

16. The Complaint alleges two causes of action: (1) breach of contract; and (2) unjust enrichment. CareFirst cannot establish, or demonstrate any reasonable possibility of establishing, either of these claims against RETS.

17. First, with respect to the claim for breach of contract, the existence of a contract is an essential element. *See Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 75 N.E.3d 1020 (Ohio Ct. App. 2016) (to establish a breach of contract, the plaintiff must establish by a preponderance of the evidence that a contract existed). It logically follows that if there is no existence of a contract, a breach of contract claim subsequently fails.

18. The services provided by CareFirst were provided under an unwritten arrangement between CareFirst and EFC.

19. While RETS, EFC, and Education Affiliates are related corporations, as RETS and EFC are subsidiaries of Education Affiliates, RETS is an entity separate and apart from EFC and Education Affiliates. (*See* **Exhibit B**).

20. RETS and CareFirst did not share either an express nor implied contractual relationship. Thus, in the absence of a legally recognized contract between RETS and CareFirst, the breach of contract claim against RETS fails as a matter of law.

21. Second, CareFirst cannot reasonably establish a claim for unjust enrichment against RETS. The essential elements of unjust enrichment are as follows: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Padula v. Wagner*, 37 N.E.3d 799, 813 (Ohio Ct. App. 2015).

22. As demonstrated above and by the supporting declaration, RETS was not a party to any contract with Plaintiff. Thus, in the absence of any benefit conferred upon RETS by CareFirst, any allegation of unjust enrichment fails as a matter of law.

23. Accordingly, CareFirst cannot establish, or present a reasonable possibility of establishing, valid claims against RETS under Ohio law. RETS has been, therefore, improperly joined and, as a result, this Court has diversity jurisdiction.

### C. The Amount In Controversy Exceeds $75,000.00 Exclusive of Interests and Costs.

24. To remove under section 1332, "the matter in controversy [must] exceed [] the sum or value of $75,000, exclusive of interest and costs...." *See* 28 U.S.C. 1332(a).

25. "To satisfy the amount-in-controversy requirement, at least one plaintiff's claims must independently meet the amount-in-controversy specification." *Karl v. Bizar*, No. CIV.A. 2:09-CV-34, 2009 WL 2175981 (S.D. Ohio July 21, 2009) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006)). Moreover, courts evaluating the propriety of removal must consider the Plaintiff's claims at the time of removal. *Karl* at *3.

26. Here, Plaintiff asserts claims against Defendants in an amount in excess of $75,000.00, exclusive of interest and costs. Specifically, CareFirst's Complaint alleges that "Defendants are indebted to CareFirst in the approximate amount of $114,044.00." (Compl., ¶ 17). Accordingly, on the face of the Complaint, Plaintiff seeks an amount greater than the jurisdictional minimum of $75,000.00.

27. Consequently, the preponderance of the evidence demonstrates that Plaintiff's Complaint exceeds the statutory minimum and thus, the requirements for diversity jurisdiction are met.

06427687.1

5

### III. ALL OTHER REMOVAL PREREQUISITES ARE SATISFIED

28. Because this Notice of Removal was filed within thirty days of service of the Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b).

29. The Western Division of United States District Court for the Southern District of Ohio is the Court and Division embracing the place where this action is pending in state court.

30. Defendants have sought no similar relief with respect to this matter.

31. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

32. Contemporaneously with the filing of this Notice of Removal, Defendants will file a copy of the same, along with a Notice of Filing Notice of Removal, with the Court of Common Pleas for Hamilton County, Ohio.

33. A true and correct copy of this Notice of Removal is being provided to Plaintiff, and to the Court of Common Pleas for Hamilton County, Ohio.

34. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully give notice that this action has been removed from the Court of Common Pleas for Hamilton County, Ohio, to the Western Division of the United States District Court for the Southern District of Ohio, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted this 1st day of June, 2022.

/s/ *Alexandra B. Parriman*
Alexandra B. Parriman (0098912)
Bricker & Eckler LLP
201 East Fifth Street, Suite 1110
Cincinnati, Ohio 45202
Telephone: 513-870-6578
Fax: 513-870-6699
aparriman@bricker.com

*Attorney for Defendants RETS Tech Center, Inc.; EFC Trade, Inc.; and Education Affiliates, Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was served via the court's e-filing system, or U.S. Mail, on this 1st day of June, 2022, upon the following parties or their counsel:

Christopher H. Hulburt
Elizabeth M. Johnson
LINDHORST & DREIDAME
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
(513) 421-6630
churlburt@lindhorstlaw.com
*Attorneys for Plaintiff*

                                                */s/ Alexandra B. Parriman*
                                                Alexandra B. Parriman

COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CG MEDICAL ASSOCIATES INC DBA
**PLAINTIFF**

-- vs --

Use below number on
all future pleadings

No. A 2201478
SUMMONS

RETS TECH CENTER INC DBA FORTI
**DEFENDANT**

EDUCATION AFFILIATES INC  DBA FORTIS COLLEGE
CORPORATION SERR COMP                D - 3
251 LITTLE FALLS DR
WILMINGTON DE 19808

You are notified
that you have been named Defendant(s) in a complaint filed by

CG MEDICAL ASSOCIATES INC DBA
7300 BEECHMONT AVENUE
CINCINNATI OH 45230

Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**PAVAN PARIKH, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney
CHRISTOPHER H HURLBURT
312 WALNUT ST
SUITE 3100
CINCINNATI          OH          45202

PAVAN PARIKH
Clerk, Court of Common Pleas
Hamilton County, Ohio

By  RICK HOFMANN
                      Deputy

Date:  April 27, 2022


D134805946

Exhibit A



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
April 26, 2022 01:38 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1182889

**CG MEDICAL ASSOCIATES INC DBA CAREFIRST URGENT CAR**
vs.
**RETS TECH CENTER INC DBA FORTIS COLLEGE**

**A 2201478**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND**

**PAGES FILED: 5**

EFR200

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| **CG MEDICAL ASSOCIATES, INC. d/b/a CAREFIRST URGENT CARE**<br>7300 Beechmont Avenue<br>Cincinnati, OH 45230<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**RETS TECH CENTER, INC. d/b/a FORTIS COLLEGE**<br>5026-D Campbell Boulevard<br>Baltimore, Maryland 21236<br><br>**Please Also Serve This Defendant's Registered Agent At:**<br><br>Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>AND<br><br>**EFC TRADE, INC., d/b/a FORTIS COLLEGE**<br>5026-D Campbell Boulevard<br>Baltimore, Maryland 21236<br><br>**Please Also Serve This Defendant's Registered Agent At:**<br><br>Statutory Agent Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>AND<br><br>**EDUCATION AFFILIATES, INC., d/b/a FORTIS COLLEGE**<br>5026-D Campbell Boulevard<br>Baltimore, Maryland 21236 | Case No. _____<br><br>(Judge _____)<br><br>**COMPLAINT** |

**Please Also Serve This Defendant's Registered Agent At:**

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

         Defendants.

Now come the Plaintiff, CG Medical Associates, Inc. d/b/a CareFirst Urgent Care, by and through counsel, and for its Complaint against the Defendants, states as follows:

**The Parties, Venue, and Jurisdiction**

1. The Plaintiff, CG Medical Associates, Inc. d/b/a CareFirst Urgent Care ("CareFirst"), is an Ohio corporation with its principal place of business in Hamilton County, Ohio. CareFirst provides patient-centered care for all non-life threatening injuries and illnesses.

2. Upon information and belief, the Defendant, Rets Tech Center, Inc. d/b/a Fortis College ("Rets Tech"), is an Ohio corporation with its principal place of business located in Maryland.

3. Upon information and belief, the Defendant, EFC Trade, Inc., d/b/a Fortis College ("EFC Trade"), is a Delaware corporation with its principal place of business located in Maryland.

4. Upon information and belief, the Defendant, Education Affiliates, Inc., d/b/a Fortis College ("Education Affiliates"), is a Delaware corporation with its principal place of business located in Maryland.

5. Venue is proper in this Court pursuant to Civ. R. 3(A). Among other things, Hamilton County is the county is which the Defendants conducted activity that gave rise to the claims for relief; is the county in which all or part of the claims for relief arose; is the

county where, among other things, the money at issue in this action is owed; and is the county where CareFirst resides.

6. This Court has jurisdiction over the subject matter of this dispute and the persons of these Defendants who either are located in Ohio, conduct their business in Ohio, have transacted business in Ohio, and/or are intentionally causing tortious injury in Ohio.

## Facts Common to All Counts

7. The preceding paragraphs of this Complaint are incorporated herein by reference as if fully rewritten.

8. Upon information and belief, Rets Tech, EFC Trade, and/or Education Affiliates own and operate a college with campuses in Cincinnati, Ohio, Centerville, Ohio, and Columbus, Ohio under the name, "Fortis College" ("Fortis").

9. In 2019, CareFirst and Defendants entered into an implied and/or express agreement wherein CareFirst agreed to provide medical services to Fortis' students at CareFirst clinics located throughout Southern Ohio.

10. Pursuant to this implied and/or express agreement, CareFirst was to treat Fortis students without requiring payment at the time of visit and then bill Defendants directly for services after the fact.

11. At the end of 2019, CareFirst began accepting Fortis students as patients. Since that time, CareFirst has treated nearly a thousand Fortis students.

12. In return for the medical services provided to Fortis students, Defendants are indebted to CareFirst in the approximate principal amount of $114,044.00.

3

13. Despite multiple demands for payment, Defendants have refused to pay the amount owed.

## First Cause of Action
### (Breach of Contract)

14. The preceding paragraphs of this Complaint are incorporated herein by reference as if fully rewritten.

15. Defendants have breached its express and/or implied contractual obligations by, among other things, failing to pay CareFirst as aforesaid.

16. CareFirst has substantially performed with respect to the agreement and has demanded payment of the amounts due – which demands Defendants have ignored.

17. As a direct and proximate result of Defendants' breach, Defendants are indebted to CareFirst in the approximate amount of $114,044.00.

## Second Cause of Action
### (Unjust Enrichment)

18. The preceding paragraphs of this Complaint are incorporated herein by reference as if fully rewritten.

19. Defendants are indebted to CareFirst *in quantum meruit* to avoid the unjust enrichment of each.

20. The amount owed by Defendants to CareFirst is as previously stated herein.

**WHEREFORE,** having set forth its claims against the Defendants, the Plaintiff, CG Medical Associates, Inc. d/b/a CareFirst Urgent Care, prays for the following relief against the Defendants, jointly and severally:

(A) Monetary damages in the amount of $114,044.00 in connection with the Defendants' breach of contract;

4

(B) All amounts due to the Plaintiff CG Medical Associates, Inc. d/b/a CareFirst Urgent Care in connection with the services provided to Defendants as set forth herein; and

(C) All further legal and equitable relief to which the Plaintiff is entitled.

Respectfully submitted,

/s/ Christopher H. Hurlburt
Christopher H. Hurlburt (#0072599)
Elizabeth M. Johnson (#0097894)
LINDHORST & DREIDAME
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
Telephone: (513) 421-6630
Facsimile: (513) 421-0212
Email: churlburt@lindhorstlaw.com
ejohnson@lindhorstlaw.com
**Attorneys for Plaintiff**

**TO THE CLERK:** Please serve Defendants via certified mail service, return receipt requested.

5

PARIKH
COUR
IN STREET
IATI OH 45202
78 D 3

**CERTIFIED MAIL**



neopost
04/27/2022
US POSTAGE $006.96

FIRST-CLASS MA

ZIP 45202
041L1220467

7194 5168 6310 0461 4551



04/27/2022 SUMMONS & COMPLAINT
EDUCATION AFFILIATES INC DBA
FORTIS COLLEGE
CORPORATION SERR COMP
251 LITTLE FALLS DR
WILMINGTON DE 19808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CG MEDICAL ASSOCIATES, INC. d/b/a CAREFIRST URGENT CARE,<br><br>      Plaintiff,<br><br>v.<br><br>RETS TECH CENTER, INC.; EFC TRADE, INC.; AND EDUCATION AFFILIATES, INC.,<br><br>      Defendants. | CASE NO. A-2201478 |

## DECLARATION OF STEVE BUDOSH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Steve Budosh, declare under penalty of perjury, and state as follows:

1. My name is Steve Budosh. I am the Chief Financial Officer of RETS Tech Center, Inc. ("RETS"). I have personal knowledge of the matters addressed in this affidavit.

2. RETS is not a party to any contract with CareFirst Urgent Care ("CareFirst").

3. Not only is RETS not a party to any contract with CareFirst, but CareFirst has also not performed any services for RETS.

4. On information and belief, the alleged contract referenced in this litigation is between CareFirst and EFC Trade, Inc. ("EFC").

5. While RETS, EFC, and Education Affiliates are related corporations, as RETS and EFC are subsidiaries of Education Affiliates, RETS is an entity separate and apart from EFC and Education Affiliates.

06427637.2

1

Exhibit B

6.     I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: May 27, 2022

_____
Steve Budosh
*CFO of RETS Tech Center, Inc.*